**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RE/MAX INTERNATIONAL, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-2426 |
| TRENDSETTER REALTY, LLC, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

RE/MAX International, Inc. filed this trademark infringement suit against Trend Setter Realty, LLC, one of its competitors in the real estate brokerage industry. RE/MAX also sued Pavnouty Abraham, Trend Setter's registered agent, director, and president, and Deborah Miller, Trend Setter's broker. The defendants move to withdraw or amend admissions resulting from the failure to file a timely response to requests for admission. (Docket Entry No. 23). The defendants also move for leave to file objections to RE/MAX's interrogatories and requests for production. (Docket Entry No. 24). RE/MAX opposes the motions and asks that its filings in opposition be treated as motions to compel. (Docket Entry No. 25 at 6; Docket Entry No. 26 at 6).

Based on the pleadings, the motions, responses, and replies, the parties' submissions, and the applicable law, this court: (1) grants the defendants' motion to withdraw or amend deemed admissions as to request 28 and otherwise denies the motion; and (2) grants the

defendants' motion to permit objections to the plaintiff's first set of interrogatories and first requests for production of documents as to objections based on attorney-client privilege or work-product protection and otherwise denies the motion. The reasons are set out below.

**I.     Background**

RE/MAX sent the defendants interrogatories and requests for admission and production on November 1, 2007. The defendants did not file objections or a response until March 11, 2008. Nor did the defendants seek an extension.

On March 12, 2008, the defendants moved for leave to submit responses to RE/MAX's First Requests for Admission and to submit objections to RE/MAX's First Set of Interrogatories and First Set of Requests for Production of Documents. (Docket Entry Nos. 23, 24). The defendants asserted that they failed to file a timely response "due to Defendants' search for new counsel with more experience in trademark matters." (Docket Entry No. 23 at 2; Docket Entry No. 24 at 2). The defendants stated that they recently retained Erik M. Pelton of Erik M. Pelton & Associates, PLLC "due to his experience with handling trademark matters." (Docket Entry No. 23 at 2; Docket Entry No. 24 at 2). In its responses, RE/MAX asserted that the defendants had failed to establish good cause for the failure to file timely responses to the interrogatories and production requests; that there was no showing that withdrawing the deemed admissions would "promote the presentation of the merits"; and that the other reasons the defendants identified as grounds for permitting withdrawal of the deemed admissions and late objections – that RE/MAX would not be prejudiced, that it failed to file a motion to compel, and that it failed to contact the defendants

about their failure timely to serve responses to the discovery requests – did not support granting the defendants' motions. (Docket Entry Nos. 25, 26). The defendants filed replies. (Docket Entry Nos. 27, 28).

Under the Scheduling and Docket Control Order entered by this court on October 16, 2007, the deadlines for adding new parties and amending pleadings expired on February 8, 2008. RE/MAX's deadline for designating experts and providing reports was April 30, 2008 and the defendants' deadline is May 30. The discovery deadline is June 27, 2008. Pretrial motions are due by July 31, 2008; the joint pretrial order is due by September 12, 2008; and the final pretrial conference is set for September 19, 2008. (Docket Entry No. 18). No depositions have been taken, which RE/MAX asserts is due to the defendants' belated responses to the requests for admission and the filing of the motions at issue.

## II.    The Requests for Admission

### 1.    *The Legal Standard*

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, allowing a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the [general scope of discovery] relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."[1]  FED. R. CIV. P. 36(a).  The Rule provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

---

[1] The language of Rule 36 was amended on December 1, 2007. The changes were "intended to be stylistic only." *See* FED. R. CIV. P. 36 Committee Note (2007).

>  requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . .  A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . . [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

FED. R. CIV. P. 36.  The purpose of the rule is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial."  8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2252 (2d ed. 1994); *see also Pickens v. Equitable Life Assurance Soc'y,* 413 F.2d 1390, 1393 (5th Cir. 1969).  "Rule 36(b) simultaneously emphasizes the importance of resolving an action on the merits while at the same time upholding a party's justified reliance on an admission in preparation for trial."  *Altman v. Ingersoll-Rand Co.*, No. 05-956, 2008 WL 596066, at *3 (W.D. Pa. March 4, 2008).

District courts apply a two-part test in deciding whether to grant or deny a motion to withdraw or amend admissions.  First, the court considers whether the withdrawal or amendment would promote the presentation of the merits of the action.  Second, the court examines whether allowing the withdrawal would prejudice the party that obtained the admission.  *See Adventis, Inc. v. Consol. Property Holdings, Inc.*, 124 Fed. Appx. 169, 173 (4th Cir. 2005).  In making the first assessment, a court should consider whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, whether the admission is contrary to the record of the

4

case, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error. *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. May 6, 2007) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *N. La. Rehab. Ctr. Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001); *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658–59 (E.D.N.C. 1988)); *see also Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988); *Harmless v. Elec. Control Security, Inc.*, No. 1:07-cv-146-SEB-WTL, 2008 WL 686999, at *1 (S.D. Ind. March 10, 2008) (allowing defendants who responded to requests for admission one month late to withdraw their deemed admissions in part because there was "no question that allowing the Defendants to withdraw their admissions would promote the presentation of the merits of this case" and otherwise "the Defendants essentially will be prohibited from disputing the Plaintiff's claims on the merits"); *Altman*, 2008 WL 596066, at *3 ("[C]ourts generally seek to ascertain whether the admission is contrary to the evidence of record.").

In answering the second question, a district court must determine whether withdrawal or amendment would prejudice the requesting party in maintaining or defending the action on the merits. "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). Losing "the benefit of not having to prove [a] case on the merits . . . is not the type of prejudice that satisfies Rule 36(b)." *Harmless*, 2008 WL 686999, at *1. "Indeed, inasmuch as allowing a party to

withdraw an admission will by its very nature always require the other party to prove something that he otherwise would not have had to prove, that alone cannot be sufficient prejudice to satisfy Rule 36(b)." *Id.*; *see also Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (finding that a party is not prejudiced by the increased expenses caused by the need for additional discovery to replace withdrawn admissions). "The prejudice contemplated by the Rule . . . relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002).

"[E]ven when Rule 36(b)'s two-factor test has been satisfied, the district court 'still has discretion to deny a request to withdraw or amend an admission.'" *Le*, 2007 WL 715260, at *2 (quoting *Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001)); *see also Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 Fed. Appx. 247, 248 (5th Cir. 2006) (quoting *Carney v. IRS*, 258 F.3d at 419) ("Even when the party seeking to withdraw or amend admissions establishes the two-factor test set forth under Rule 36(b), 'a district court still has discretion to deny a request for leave to withdraw or amend an admission.'"); *Am. Auto.*, 930 F.2d at 1119 ("[W]hile the district court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test."). The Fifth Circuit has "determined that a court acts within its discretion in considering the fault of the party seeking withdrawal . . . or its diligence in seeking withdrawal." *Le*, 2007 WL 715260, at *2 (citing *Pickens v. Equitable Life*

*Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969) and *Covarrubias*, 192 Fed. Appx. at 248, respectively); *see also Carlson v. Freightliner LLC*, 226 F.R.D. 343, 361 (D. Neb. 2004) (the court may consider "[t]he presence of improper conduct by the party moving to withdraw or amend an admission, and that party's lack of reasonable explanation for untimely discovery responses.").

    *2.    Analysis*

With one exception, the defendants have not shown that allowing withdrawal or amendment of the deemed admissions would promote the presentation of the merits. Many of the requests for admission are admitted in the March 11, 2008 responses at least to the "extent that the records of the U.S.P.T.O. substantiate the facts claimed." (Docket Entry No. 23, Ex. B). The deemed admissions do not conclusively establish issues determinative of liability. There is no showing that the deemed admissions would be contrary to the record of the case. There is no showing that the deemed admissions are no longer true because of changed circumstances or that the substance of the admissions is the product of an honest error regarding the underlying facts of the dispute.

As to one of the requests for admission, the defendants' submissions do show that the deemed admission should be withdrawn to facilitate the presentation of the merits. The last request for admission, No. 28, apparently contains a typographical error; it is close to incomprehensible. (Docket Entry No. 23, Ex. B). Otherwise, the defendants have not shown that granting the motion to withdraw the deemed admissions would promote the presentation of the merits of the action. *See Le*, 2007 WL 715260, at *2.

On the other hand, RE/MAX has not shown that it will be prejudiced if the deemed admissions are withdrawn. RE/MAX argues prejudice because the "Defendants' belated responses are forcing Plaintiff to fit a number of items that must be addressed before the trial of this lawsuit into a much shorter time period than would have been available to Plaintiff had Defendants' timely responded to Plaintiff's [requests for admission]. Causing urgency in Plaintiff's preparation for trial, through no fault of Plaintiff, is prejudicial." (Docket Entry No. 26 at 4). The discovery cutoff is June 27, 2008. Pretrial motions are due by July 31, 2008, the joint pretrial order is due by September, and the docket call is set for September 19, 2008. (Docket Entry No. 18). RE/MAX received the responses to its requests on March 11, 2008, more than three months before the discovery cutoff, four months before the deadline for pretrial motions, and six months before the pretrial order deadline. RE/MAX does not contend that it will be unable to comply with these deadlines. Nor does RE/MAX identify "special difficulties" it will face in completing discovery "caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto*, 930 F.2d at 1120. Mere inconvenience is not prejudice. *See Gutting*, 710 F.2d at 1314; *Harmless*, 2008 WL 686999, at *1. Although RE/MAX asserts that belated withdrawal of the deemed admissions would be prejudicial because "this action is not simply one of Defendants defending themselves, but instead includes Defendants trying to destroy Plaintiff's federal trademark rights" through counterclaims, (Docket Entry No. 26 at 3), the cases do not support drawing a distinction based on whether the party asserting prejudice is a defendant or plaintiff. *See Bryant v. Asset Acceptance. L.L.C.*, No. 07-13278, 2008 WL 784499, *2

(E.D. Mich. March 19, 2008) (granting plaintiff's motion for amendment in order "to let the case rise or fall on the merits to the extent possible"); *Harmless*, 2008 WL 686999, at *1 (granting defendant's motion for amendment).  RE/MAX has failed to show that it would be prejudiced by the withdrawal of the defendants' admissions.  This factor does not weigh against granting withdrawal or amendment.

The defendants' three-month delay in moving for withdrawal or amendment and the reason given for the delay weigh against granting their motion. *See Le*, 2007 WL 715260, at *2.  The defendants assert that they failed to file a timely response to the requests for admission sent on November 1, 2007 "due to Defendants' search for new counsel with more experience in trademark matters."  The defendants state that they recently retained as *pro hac vice* counsel Erik M. Pelton of Erik M. Pelton & Associates, PLLC, "due to his experience with handling trademark matters." (Docket Entry No. 23 at 2; Docket Entry No. 24 at 2).  RE/MAX has submitted a letter from this attorney to RE/MAX dated May 11, 2006 stating that he had "been retained by Trend Setter Realty of Houston, Texas regarding the allegations of infringement of the RE/MAX trademarks." (Docket Entry No. 26, Ex. A).  This attorney is listed as "Of Counsel" in Trend Setter's August 31, 2007 answer. (Docket Entry No. 11 at 13).  Although the defendants assert that this attorney's representation of the defendants "was limited in scope to responding to . . . a cease and desist letter from Plaintiff, negotiating a resolution to the assertions brought forth in Plaintiffs' April 18, 2006 letter to Defendants, and registering Defendant Trend Setter Realty's logo trademark in the United States Patent and Trademark Office," and "was not "formally retain[ed] in this matter until

February 13, 2008," (Docket Entry No. 27 at 2–3), that does not explain why a request for extension was not filed or why, given this attorney's involvement in the case as early as August 2007, a timely response was not filed.

Considering all the factors, the defendants' motion for leave to withdraw or amend the deemed admissions is denied except as to Request for Admission No. 28.

### III. The Interrogatories and Production Requests

*1. The Legal Standard*

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also Jones v. Tex. Youth Com'n*, No. 9:07CV3, 2007 WL 4290000, at *1 (E.D. Tex. Dec. 3, 2007) ("If the responding party does not plan to comply [with a request for production under Rule 34], it must state the objection in a timely manner; otherwise, objections are waived."); *Polokoff v. Int'l Pantyhose, Inc.*, No. 96 Civ. 6100 (HB) (HBP), 1997 WL 178621, at *1 (S.D.N.Y. April 11, 1997); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass.1988). "Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Krewson*, 120 F.R.D. at 7 (quoting *Slauenwhite v. Bekum Maschinenfabriken, GMBH*, 35 F.R. Serv. 2d 975 (D. Mass. 1983)).

Under Rule 33(b) of the Federal Rules of Civil Procedure, a party must serve its answers and any objections to interrogatories within thirty days after being served with the interrogatories. Untimely objections are waived "unless the court, for good cause, excuses

the failure." FED. R. CIV. P. 33(b)(4); *see also Albiso v. Block*, No. 93-55645, 1995 WL 257881, *5 (9th Cir. May 1, 1995) (emphasizing the "good cause" exception); *Paralikas v. Mercedes Benz, LLC*, No. CV 07-0918(ERK)(WDW), 2008 WL 111186, at *1 (E.D.N.Y. Jan. 9, 2008) ("In cases where, as here, no good cause has been shown for the late responses, a finding of waiver is appropriate."). Courts examine the circumstances behind the failure to file a timely response to determine "whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance"; consider subsequent actions by the party to ascertain whether "it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner"; and take into account any resulting prejudice and the need to preserve the integrity of the rules; and may consider any lesser appropriate sanction. *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001); *accord Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 526 (S.D. W.Va. 2007).

Under Rule 34(b)(2)(A), a party must respond in writing to a request for production within thirty days after being served with the request. FED. R. CIV. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."[2] FED. R. CIV. P. 34(b)(2)(B). Courts have held that Rule 34 implicitly incorporates both the waiver and "good cause" provisions of Rule 33(b)(4). *See Doe v. District of Columbia*, No.

---

[2] The language of Rules 33 and 34 was amended on December 1, 2007. These changes were "intended to be stylistic only." *See* FED. R. CIV. P. 33, 34 Committee Note (2007).

11

Civ.A.03-1789 (GK/JMF), 2005 WL 1787683, at *5 (D.D.C. 2005) ("Although the general rule, under Rule 34(b), is that failure to state a timely objection to a discovery request constitutes a waiver of that objection, upon a finding of good cause, a court may allow such an additional objection to stand."); *Drexel*, 200 F.R.D. at 258 ("Courts have long viewed the discovery rules as an integrated mechanism to be read *in pari materia*. . . . Rules 33(b)(4) and 34(b) should be so read."); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (finding that the "same principle [announced in Rule 33(b)(4)] applies to written document requests under Rule 34(b)").

Some courts have allowed untimely discovery objections even in the absence of a good-cause showing. The basis is a court's "discretion to decline to compel production of requested documents even if a timely objection has not been made '. . . when the request far exceeds the bounds of fair discovery . . . .'" *Krewson*, 120 F.R.D. at 7 (quoting *Slauenwhite*, 35 F.R. Serv. 2d 975); *accord Kolenc v. Bellizzi*, No. 95 CIV. 4494 (LMM KNF), 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999).

In *Krewson*, objections to requests for the production of documents were served six weeks late and only after the requesting party filed a motion to compel. The court found that a request for "informant file information" far exceeded the bounds of fair discovery and declined to compel production of that information. The court also found that an objection that another request was "vague, unduly burdensome and is beyond the scope of allowable discovery" was "the type of objection that is waived by a failure to object." *Krewson*, 120 F.R.D. at 7. Similarly, in *Kolenc*, the court refused to compel responses to improper

discovery requests despite the fact that more than a year had passed since the requests had been made, finding that the requests far exceeded the bounds of fair discovery. The court refused to compel discovery of three categories of requests: first, a request for "all documents concerning oral communications defendants had respecting plaintiffs' finances," because "plaintiffs have cast a wide net that is guaranteed to snare privileged material"; second, "[a]ll taped, electronic, or any other records or memorializations of any conversations between Defendants or any of them and Plaintiff concerning," because "[t]his request is missing a word(s) and thus fails to identify the subject matter about which plaintiffs seek tapes, records, etc."; and third, "[a]ll [d]ocuments and docket or similar number which relate to any lawsuit, complaint, arbitration, judgments, civil actions, administrative actions, or criminal actions to [sic]," because "[t]his request suffers from the same defect as the Category 2 request." 1999 WL 92604, at *3–4. Another court has held that it would not be appropriate to find a privilege waiver when the document sought was clearly privileged and the objection was only a few days late. *See Young v. United States*, 149 F.R.D. 199, 206 (S.D. Cal. 1993). In *Young*, although the court declined to decide whether a three-day delay in filing an objection constituted a waiver because the asserted privilege was inapplicable, the court also stated that "in this case due to the plaintiff's relatively short tardiness, the court would not find a waiver of a privilege if the request exceeded the bounds of fair discovery by seeking a document clearly privileged under the law." *Id.*

    *2.*    *Analysis*

Under the standard set by the case law, the defendants have not shown good cause for making untimely objections to the interrogatories and production requests. The defendants assert the same excuse for failing to timely object to the interrogatories as they assert for failing to timely respond to the requests for admission: "Defendants' search for new counsel with more experience in trademark matters." As discussed above, the record shows that this attorney was involved much earlier and, even if he had not been, the absence of an experienced trademark attorney does not explain a failure to ask for an extension of time or provide information that did not call for expert trademark counsel.

Although the defendants have failed to show good cause, RE/MAX's requests for "[a]ll documents that were reviewed in order to respond to or that are identified in response to RE/MAX's First Set of Interrogatories" and "[a]ll documents concerning this litigation or concerning any Defendant's defense of the same" exceed the bounds of fair discovery because the requests cast "a wide net that is guaranteed to snare privileged material." *See Kolenc*, 1999 WL 92604, at *3. The objections as to privilege or protection are not waived. With this exception, the defendants' motion to permit late filed objections is denied and the plaintiff's motion to compel is granted.

**IV.    Conclusion**

The defendants' motion to withdraw or amend deemed admissions is granted as to Request No 28 and otherwise denied. The defendants' motion to permit untimely objections to RE/MAX's interrogatories and requests for production of documents is granted as to

objections based on attorney-client privilege or work-product protection and otherwise denied.

      SIGNED on May 9, 2008, at Houston, Texas.

                                          _____
                                                 Lee H. Rosenthal
                                        United States District Judge