IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RE/MAX International, Inc., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 4:07-CV-02426 |
| TREND SETTER REALTY, LLC, a Texas limited liability company; | ) |
| PAVNOUTY ABRAHAM, an individual; | ) |
| and | ) |
| DEBORAH N. MILLER, an individual | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RE/MAX International, Inc., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 4:07-CV-02426 |
| ) | |
| v. ) | |
| ) | |
| TREND SETTER REALTY, LLC, ) | |
| a Texas limited liability company; ) | |
| ) | |
| PAVNOUTY ABRAHAM, an individual; ) | |
| ) | |
| and ) | |
| ) | |
| DEBORAH N. MILLER, an individual ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants serve upon Plaintiff sworn responses to the request for admissions set forth below within thirty (30) days after the service hereof.

### DEFINITIONS AND INSTRUCTIONS

A.  Each matter of which an admission is requested will be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a) unless a written answer or objection is served within 30 days of service of these requests.

B.  All objections to individual requests for admission shall specifically state the reasons for the objections.

C. Answers to individual requests for admission shall specifically admit the matter, specifically deny the matter, or set forth in detail the reasons why the matter cannot be truthfully admitted or denied.

D. When good faith requires that you qualify your answer or deny only part of the matter for which an admission is requested, you must specify those portions of the request which you admit, and qualify or deny the remainder.

E. You may not give lack of information or knowledge as a reason for failure to admit or deny a particular request for admission unless you have made reasonable inquiry into the matter which is the subject of the request for admission and unless the information known or readily available to you is insufficient to enable you to admit or deny the matter and your answer so states.

F. If you believe that a matter for which an admission is requested presents a genuine issue for trial, you may not, on that ground alone, object to that request for admission.

G. With respect to each written response to these requests for admission, please restate each request or interrogatory immediately before your written response to that request.

H. Plaintiff incorporates herein by reference the definitions set forth in *Plaintiff's First Set of Interrogatories*.

## REQUESTS FOR ADMISSION

Request for Admission No. 1:

Admit that, on or about February 15, 2003, Defendant Miller entered into an *Independent Contractor Agreement* ("ICA") with an independently owned and operated franchisee of the RE/MAX Network.

Request for Admission No. 2:

Admit that, on or about February 28, 2005, Defendant Miller's ICA was terminated.

Request for Admission No. 3:

Admit that one or more Defendants received correspondence from RE/MAX dated April 18, 2006.

Request for Admission No. 4:

Admit that the one or more Defendants received correspondence from RE/MAX dated sometime in September 2006.

Request for Admission No. 5:

Admit that Trend Setter filed Application Serial No. 78/895,349 that matured into U.S. Trademark Registration No. 3,222,708 on May 30, 2006.

Request for Admission No. 6:

Admit that one or more Defendants was aware of at least one of the RE/MAX Marks as defined before May 30, 2006.

Request for Admission No. 7:

Admit that Trend Setter did not disclose the issuance of U.S. Trademark Registration No. 3,222,708 to RE/MAX before filing counterclaims against RE/MAX on August 31, 2007.

Request for Admission No. 8:

Admit that the date of first use anywhere claimed in U.S. Trademark Registration No. 3,222,708 is 12-0-1996.

Request for Admission No. 9:

Admit that the date that Trend Setter first used the mark claimed in U.S. Trademark Registration No. 3,222,708 <u>is on or after</u> January 1, 1996.

Request for Admission No. 10:

Admit that the date of first use in commerce claimed in U.S. Trademark Registration No. 3,222,708 is October 19, 1998.

Request for Admission No. 11:

Admit that the date that Trend Setter first used in commerce the mark claimed in U.S. Trademark Registration No. 3,222,708 <u>is on or after</u> January 1, 1998.

Request for Admission No. 12:

Admit that the description provided for U.S. Trademark Registration No. 3,222,708 (the "Registration Description") for the Trend Setter Mark is as follows: "The colors red, white and blue are claimed as a feature of the mark. The color red appears in the top portion of the rectangle, the color white appears in the stylized representation of the house, and the color blue appears in the bottom rectangle."

Request for Admission No. 13:

Admit that Defendants have described the Trend Setter Mark (the "Litigation Description") as "a white house silhouette with a thin dark blue line underneath it and a red portion above it forming the silhouette of the roof and chimney design." (*See* Defendants' Answer, Affirmative Defenses & Counterclaims, paragraph 69.)

Request for Admission No. 14:

Admit that the Litigation Description is different from the Registration Description.

Request for Admission No. 15:

Admit that the Registration Description does not contain the words "thin," "dark," or "line."

Request for Admission No. 16:

Admit that on May 30, 2006, Trend Setter used a mark in accordance with the specimen submitted in U.S. Trademark Registration No. 3,222,708 (the "Specimen") on a real estate yard sign for sale of real estate property.

Request for Admission No. 17:

Admit that the Litigation Description is materially different from the Specimen.

Request for Admission No. 18:

Admit that the Specimen contains a Realtor® designation from the National Association of Realtors in white type placed in the red portion of the Specimen.

Request for Admission No. 19:

Admit that the Specimen contains the words "For Sale" in white type placed in the red portion of the Specimen.

Request for Admission No. 20:

Admit that the Specimen contains the words "TREND SETTER REALTY" in blue type placed in the white portion of the Specimen.

Request for Admission No. 21:

Admit that the Specimen contains the numbers and symbols "713-333-7206" in white type placed in the blue portion of the Specimen.

Request for Admission No. 22:

Admit that the blue portion of the Specimen is vertically taller than the white portion of the Specimen when measured along the right edge of the Specimen.

Request for Admission No. 23:

Admit that the blue portion of the Specimen is vertically taller than that part of the white portion of the Specimen which is consistent horizontally across the Specimen.

Request for Admission No. 24:

Admit that Trend Setter presently uses a mark that conforms to the Specimen on its real estate yard signs.

Request for Admission No. 25:

Admit that Trend Setter presently has no trademark applications pending before the U.S. Patent and Trademark Office.

Request for Admission No. 26:

Admit that Trend Setter presently intends to stop all use of a mark that conform to the Specimen on its real estate yard signs.

Request for Admission No. 27:

Admit that Trend Setter presently intends to stop all use of a mark that conform to the Specimen on its real estate yard signs because of the present suit between Trend Setter and RE/MAX.

Request for Admission No. 28:

Admit that Trend Setter presently intends to continue use of a mark that conforms to the Specimen on at least one its real estate yard sign.

Respectfully submitted this 1st day of November 2007.

GREENBERG TRAURIG, LLP

_____
Anthony F. Matheney
1000 Louisiana St., Suite 1800
Houston, TX 77002
713-374-3583
mathenya@gtlaw.com

and

John R. Posthumus
Gayle L. Strong
Alex Furman
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
303-572-6500
posthumusj@gtlaw.com
strongg@gtlaw.com
furmana@gtlaw.com


Attorneys for *Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of November 2007 service of the foregoing **PLAINTIFF'S REQUESTS FOR ADMISSION** was effected by placing true copies thereof in the United States mail, postage prepaid, addressed as follows:

Mayur Patel
Hester & Patel, P.C.
14511 Falling Creek Drive, Suite 403
Houston, TX 77014
E-mail: mpatel@hesterpatel.com

_____