**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RE/MAX International, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TREND SETTER REALTY, LLC, ) <br> a Texas limited liability company; ) <br> ) <br> PAVNOUTY ABRAHAM, an individual; ) <br> ) <br> and ) <br> ) <br> DEBORAH N. MILLER, an individual ) <br> ) <br> Defendants. ) | **CIVIL ACTION NO. 4:07-CV-02426** |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT G

| | |
|---|---|
| MAYUR PATEL<br>HESTER & PATEL, P.C.<br>14511 Falling Creek Drive, Suite 403<br>Houston, TX 77014-1282<br>Phone: (281) 586-7999<br>Fax: (281) 586-7997<br>mpatel@hesterpatel.com | ERIK M. PELTON *Pro Hac Vice*<br>ERIK M. PELTON & ASSOCIATES, PLLC<br>P.O. Box 100637<br>Arlington, VA 22210<br>Phone: (703) 525-8009<br>Fax: (703) 525-8089<br>emp@tm4smallbiz.com |
| Attorney for Defendants<br>TRENDSETTER REALTY, LLC<br>PANOUTY ABRAHAM<br>DEBORAH N. MILLER | Attorney for Defendants<br>TREND SETTER REALTY, LLC<br>PANOUTY ABRAHAM |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RE/MAX INTERNATIONAL, INC.,<br><br>    Plaintiff, Counterclaim-Defendant,<br><br>vs.<br><br>TREND SETTER REALTY, LLC; PAVNOUTY ABRAHAM; and DEBORAH N. MILLER,<br><br>    Defendants, Counterclaim-Plaintiff. | Case No. 4:07-CV-02426<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| TREND SETTER REALTY, LLC<br><br>    Counterclaim-Plaintiff,<br><br>vs.<br><br>RE/MAX INTERNATIONAL, INC.<br><br>    Counterclaim-Defendant. | RECEIVED<br>MAR 12 2008<br>By_____ |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants TREND SETTER REALTY, LLC; PAVNOUTY ABRAHAM; and DEBORAH N. MILLER ("Defendants") hereby responds and objects to the First Set of Interrogatories propounded by Plaintiff and Counterclaim-Defendant RE/MAX INTERNATIONAL, INC. ("RE/MAX" or "Plaintiff").

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all

other objections on any grounds that would require the exclusion of any statements contained in these responses if such interrogatory response were asked of, or statements contained in the response were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Discovery and investigation are continuing and may disclose additional facts not set forth in these answers. The assertion of any objection to an interrogatory in any response below is neither intended as, nor shall in any way be deemed, a waiver of responding party's right to assert that or any other objection at a later date. No incidental or implied admissions are intended by these responses. The fact that Defendants have answered or objected to any interrogatory should not be taken as an admission that Defendants accept or admits the existence of any "facts" set forth or assumed by such interrogatory.

## GENERAL OBJECTIONS

Defendants interpose the following objections to the interrogatories as a whole, referred to below as the General Objections, and incorporate each of the following objections by reference into the response to each specific interrogatory. Defendants' responses are made without waiver of objections to additional discovery on the same or similar subject matter and without prejudice to any position as to admissibility at trial or otherwise.

1. Defendants object to each interrogatory to the extent that it is premature. Defendants continue to gather information. Defendants expressly reserve the right to amend their response to each interrogatory.

2. Defendants object to each interrogatory to the extent that it purports to seek information protected by the work-product doctrine, attorney-client privilege or any other privilege or restriction on discovery.

3. Defendants object to each interrogatory to the extent that it seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to each interrogatory to the extent it seeks information or the identification of documents beyond Defendants possession, custody, or control on the grounds that such interrogatories are overbroad, unduly burdensome, and oppressive.

5. Defendants object to each interrogatory to the extent it seeks information or the identification of documents that are within RE/MAX's possession, custody, or control.

6. Defendants object to each interrogatory to the extent it seeks information that is publicly available on the grounds that such requests are overbroad, unduly burdensome, and oppressive.

7. Defendants objects to each interrogatory to the extent it purports to expand Defendants discovery obligations beyond the scope permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

8. Defendants have not completed its investigation of the facts relating to this case or its pretrial discovery. Defendants have not reviewed all potentially relevant documents. Defendants have not deposed or interviewed all relevant witnesses. As a result, Defendants responses to these interrogatories may not include all relevant supporting evidence. Defendants expressly reserve the right to rely on additional information that it may acquire after the date of these responses. As discovery and inquiry continue, Defendants reserve their right to amend or supplement its responses to these interrogatories as necessary or appropriate.

9 Defendants object to each interrogatory to the extent that it contains sub-parts or multiple to questions, and to the extent that the overall number of interrogatories exceeds the limit permitted.

10. Defendants object to each of RE/MAX's Interrogatories as addressed to all the Defendants collectively and not served separately on any of the Defendants but together on all three defendants at the address of only one of the Defendants.

## INTERROGATORIES

**Interrogatory No.1:**

Describe in detail all products and/or services in conjunction with which the Trend Setter Mark has been used, is currently being used, or intends to be used by Defendants or any other authorized user of the Trend Setter Mark. Include in your response a detailed description of the specific actual services referred to by the goods and services description in U.S. Trademark Registration No. 3,222,708. The products and/or services identified in response to this interrogatory are hereafter referred to as **"Defendants' Products and** Services.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as overly broad, unduly burdensome, containing multiple questions, and requesting confidential information. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

The Trend Setter Mark is currently being used in connection with real estate brokerage. Defendant Trend Setter Realty intends to use the mark in connection with franchise services in the field of real estate brokerage.

**Interrogatory No.2:**

Identify all persons that are or intend to be authorized or permitted by Defendants to use the Trend Setter Mark, and describe any written or oral agreements or licenses which authorize

or will authorize such use.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as overly broad, unduly burdensome, containing multiple questions, irrelevant and requesting confidential information. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

Defendant will provide a response or documents from which a response may be obtained upon the entry of a suitable protective order.

**Interrogatory No.3:**

Explain in detail how Defendants conceived of the Trend Setter Mark, including when the Trend Setter Mark was selected, any alternatives considered, any factors that were considered in selecting the Trend Setter Mark, and who were involved in the mark's conception, and when the Trend Setter Mark was first used with Defendants' Products and Services. Include within this explanation the factual basis for Defendants' choice to use a red horizontal portion over a white horizontal portion over a blue rectangular portion in the Trend Setter Mark.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as overly broad, unduly burdensome, containing multiple questions, requesting confidential business information, and irrelevant. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

The Trend Setter Mark was conceived by Pavnouty Abraham on or about December of 1996, and was first used in connection with real estate brokerage on or about October 19, 1998. Mr. Abraham contacted a professional designed in October of 1998 to design the Trend Setter Mark.

**Interrogatory No.4:**

Identify all design firms and/or persons consulted during the designing of the Trend Setter Mark and/or for the purpose of designing the Trend Setter Mark.

**RESPONSE**

Defendant Trend Setter Realty has produced documents sufficient to form an answer to this interrogatory.

**Interrogatory No.5:**

Describe in detail every search or investigation conducted by or on behalf of you in connection with the Trend Setter Mark and/or the RE/MAX Marks, including any search of the records of the U.S. Patent and Trademark Office, or of any other records or publications.

**RESPONSE**

None.

**Interrogatory No.6:**

Identify any conversations between Trend Setter and Ms. Miller after she joined Trend Setter concerning any possibilities of consumer confusion between the Trend Setter Mark and the RE/MAX Marks.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as overly broad, unduly burdensome, and irrelevant. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

Prior to the receipt of correspondence from Plaintiff on or about April 19, 2006, none. The Trend Setter Mark was adopted by Trend Setter Realty, LLC and its predecessor in interest prior to Ms. Miller joining Trend Setter.

**Interrogatory No.7:**

Describe the circumstances under which Defendants first became aware of Plaintiff and the RE/MAX Marks including, but not limited to, the date that Defendants first became aware of the RE/MAX Marks, and the person or persons who first became aware of the RE/MAX Marks.

**RESPONSE**

Defendant Trend Setter Realty has been aware of Plaintiff and the RE/MAX Marks for some time, including prior to December of 1996.

**Interrogatory No.8:**

Identify the geographical area by region, state, or country in which Defendants, or any person authorized or to be authorized by Defendants, have used, are using, or intend to use the Trend Setter Mark, and for each region, state or country identified, give the period of time of such use.

**RESPONSE**

Defendant Trend Setter Realty and its predecessor in interest have used the Trend Setter Mark in State of Texas since 1998. Defendant intends to use the Trend Setter Mark nationwide eventually.

**Interrogatory No.9:**

For each of Defendants' Products and Services, state the annual dollar volume of Defendants' revenue and/or sales from selling or providing Defendants' Products and Services,

and the annual advertising and promotional expenditures for each year (or for each month for periods of less than a year) from the year of first use of the Trend Setter Mark to the present.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as overly broad, unduly burdensome, containing multiple questions, requesting confidential business information, and irrelevant. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

Defendants will provide documents from which a response may be obtained following the entry of a suitable protective order.

**Interrogatory No. 10:**

Describe in detail any advertising which includes the Trend Setter Mark that is used, has been used, or intends to be used by Defendants and/or by any person authorized or to be authorized by Defendants to use the Trend Setter Mark.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as overly broad, unduly burdensome, and containing multiple questions. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

Defendants will produce documents sufficient to obtain an answer to the interrogatory including, Real estate yard signs, brochures, fliers, home listings, and newspaper advertisements. In addition, see the publicly available website at http://www.trendsetterrealty.com.

**Interrogatory No. 11:**

Identify the person(s) who have been, are, or will be responsible for the marketing and/or promotion of Defendants' Products and Services, indicating the time period of marketing

responsibility for each such person(s).

**RESPONSE**

Pavnouty Abraham.

**Interrogatory No. 12:**

State whether any Defendants, or any employee, agent, or person affiliated with Trend Setter, have been asked, either in the U.S. or abroad, whether Trend Setter is associated or affiliated with RE/MAX or its Affiliates. If so, describe in detail such communication.

**RESPONSE**

No.

**Interrogatory No. 13:**

Describe in detail every instance in which Defendants have ever made a representation, either in the U.S. or abroad, that Trend Setter is not associated with Plaintiff or its Affiliates.

**RESPONSE**

None.

**Interrogatory No. 14:**

Identify the consumers to whom Defendants markets or intends to market Defendants' Products and Services.

**RESPONSE**

The general public with an interest in purchasing or selling real estate.

**Interrogatory No. 15:**

Describe with particularity all of the channels of trade in or through which Trend Setter markets and sells, or intends to market and sell, Defendants' Products and Services. For each of the channels of trade identified, state the annual dollar volume of sales in the United States in that channel of trade under the Trend Setter Mark for each year (or for each month for periods less than a year) from the first sale in each channel of trade to the present.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as vague regarding the meaning off "channels of trade," containing multiple questions, and requesting confidential information. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

Defendant Trend Setter Realty is not an expert or professional in the field of marketing or channels of trade. Defendant Trend Setter Realty markets and sells, and intends to market and sell, its services through the general real estate channels of trade.

**Interrogatory No. 16:**

Identify all Internet domain names used before "trendsetterrealty.com" was registered/renewed by Defendant Mr. Abraham on January 14, 2005.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as irrelevant.

**Interrogatory No. 17:**

Identify all Internet domain names now owned or ever used by any Defendant on behalf of Trend Setter, including the date(s) the domain name(s) were first registered by or on behalf of any Defendant, including Defendant Mr. Abraham.

**RESPONSE**

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In addition to the General Objections stated above, Defendants object to this interrogatory as irrelevant.

**Interrogatory No. 18:**

Identify the person(s) most knowledgeable with respect to the following:

(a) conception, selection and adoption of the Trend Setter Mark;

(b) Defendants' use and/or anticipated use of the Trend Setter Mark; and

(c) sales and advertising of Defendants' Products and Services.

**RESPONSE**

In addition to the General Objections stated above, Defendants object to this interrogatory as containing multiple questions. Subject to and without waiving the foregoing General Objections and specific objections, Defendants respond:

    (a)    Pavnouty Abraham.

    (b)    Pavnouty Abraham, regarding Defendant Trend Setter Realty's use and/or anticipated use.

    (c)    Pavnouty Abraham, regarding Defendant Trend Setter Realty's sales and advertising.

**Interrogatory No. 19:**

Identify those persons, other than Defendants' attorneys, who had more than a clerical role in answering the foregoing Interrogatories or in any search for documents in connection with said Interrogatories or the *Plaintiff's First Set of Requests for Production of Documents.*

**RESPONSE**

Pavnouty Abraham

Deborah Miller

**Interrogatory No. 20:**

11
DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Identify all companies prior to Trend Setter that used the Trend Setter Mark since the claimed dates of first use of 1996 and 1998, respectively; provide the location in which such use occurred; and provide the length of time each such company used the Trend Setter Mark since 1996 and 1998, respectively.

**RESPONSE**

Prior to July 23, 2004, the Trend Setter Marks was used by Trend Setter Realty LLC's predecessor in interest, Pavnouty Enterprises Inc.

Dated: March 11, 2008

ERIK M. PELTON & ASSOCIATES, PLLC

By: _____

Erik M. Pelton
*Pro Hac Vice* Attorney for Defendants
TREND SETTER REALTY, LLC
PAVNOUTY ABRAHAM

HESTER & PATEL, P.C.

By: _____

Mayur Patel
Attorney for Defendants
TREND SETTER REALTY, LLC;
PAVNOUTY ABRAHAM; and
DEBORAH N. MILLER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| RE/MAX INTERNATIONAL, INC., | Case No. 4:07-CV-02426 |
| Plaintiff, Counterclaim-Defendant, | |
| vs. | **DEFENDANT TREND SETTER REALTY, LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| TREND SETTER REALTY, LLC; PAVNOUTY ABRAHAM; and DEBORAH N. MILLER, | |
| Defendants, Counterclaim-Plaintiff. | |
| TREND SETTER REALTY, LLC | |
| Counterclaim-Plaintiff, | |
| vs. | |
| RE/MAX INTERNATIONAL, INC. | |
| Counterclaim-Defendant. | |

STATE OF: Texas

COUNTY OF: Harris

Before me, the undersigned notary public, did appear Pavnouty Abraham, and having been duly sworn, did state as follows:

"I, Pavnouty Abraham, am the managing member of Trend Setter Realty,, LLC, and I have reviewed the above answers to Plaintiff's First Set of Interrogatories, and state that I have prepared and reviewed the foregoing answers to Plaintiff's First Set of Interrogatories and that they the answers are true and correct based upon my knowledge and belief."

_____
Pavnouty Abraham

SUBSCRIBED AN SWORN TO ON THIS 4th DAY OF MARCH, 2008.

_____
Notary Public

My Commission Expires: 03-19 2009

Tony LaBarre
Notary Public, State of Texas
My Commission Expires:
March 19, 2009

---
13
DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES