IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RE/MAX International, Inc., <br><br> Plaintiff, <br><br> v. <br><br> TREND SETTER REALTY, LLC, <br> a Texas limited liability company; <br><br> PAVNOUTY ABRAHAM, an individual; <br><br> and <br><br> DEBORAH N. MILLER, an individual <br><br> Defendants. | CIVIL ACTION NO. 4:07-CV-02426 |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff RE/MAX International, Inc. ("RE/MAX") files this Reply in Support of Its Motion for Partial Summary Judgment (Docket No. 44).

**I.   Procedural Summary**

RE/MAX filed its Motion for Partial Summary Judgment (Docket No. 44) on February 23, 2009. Pursuant to Local Rules 7.3 and 7.4, Defendants' Response to the Motion was due by March 16, 2009. As of the date of the filing of this Reply, Defendants have not filed a Response to the Motion, nor have they moved for an extension of time or indicated any reasons for their failure to do so.

**II.  Plaintiff's Motion Should Be Granted**

Local Rule 7.4 states that Defendants' failure to respond to RE/MAX's Motion "will be

taken as a representation of no opposition." Accordingly, because Defendants do not oppose RE/MAX's Motion, RE/MAX is entitled to a judgment as a matter of law on the following counts of its First Amended Complaint:

- Count I: Trademark Infringement Under Federal Law, for the reasons set forth on pages 13-20 of RE/MAX's Memorandum in Support of its Motion for Partial Summary Judgment (Docket No. 45) ("Memorandum");
- Count III: Unfair Competition Under Federal Law, for the reasons set forth on pages 20-21 of the Memorandum;
- Count IV: Trademark Infringement in Violation of Tex.Bus.&Com.Code § 16.26, for the reasons set forth on pages 13-20 of the Memorandum;
- Count VI: Trademark Infringement Under Texas Common Law, for the reasons set forth on pages 13-20 of the Memorandum;
- Count VII: Unfair Competition Under Texas Common Law, for the reasons set forth on pages 20-21 of the Memorandum;
- Count VIII: Breach of Contract Against Miller, for the reasons set forth on page 21 of the Memorandum;
- Count IX: Claim for Cancellation of Registration No. 3,222,708, for the reasons set forth on page 22 of the Memorandum.

In addition, RE/MAX is entitled to a judgment as a matter of law on the following counts set forth in Defendants' Counterclaims:

- Count I: Claim for Declaration of Non-Infringement, for the reasons set forth on pages 13-20 of the Memorandum;

- Count III:  Claim for Cancellation of Registration No. 1,702,048, for the reasons set forth on pages 22-24 of the Memorandum.

### III. Granting Plaintiff's Motion Would Render the Parties' Dilution Claims Moot and Dispose of the Entire Case

After granting RE/MAX's Motion for Partial Summary Judgment (Docket No. 44), the only Counts remaining in the case are Counts II and V of RE/MAX's First Amended Complaint and Count II of Defendants' Counterclaims, *viz*. RE/MAX's claims that Defendants are diluting RE/MAX's trademarks, and Defendants' claim for a declaration that they are not.  Other than parallel requests for declarations that Defendants have infringed or have diluted RE/MAX's trademarks, RE/MAX's complaint requests no different relief for dilution under counts II and VII than it does for infringement and unfair competition. *See* First Amended Complaint, "Relief Sought" (Docket 20).

Moreover, the federal and state dilution statutes offer no additional relief beyond that available under the infringement and unfair competition statutes. *See* Lanham Act § 43(c)(5), 15 U.S.C. ¶ 1125(c)(5) (entitling owner of famous mark to relief under the same sections as for infringement and unfair competition, namely Lanham Act sections 34, 35(a), and 36, 15 U.S.C. §§1116, 1117(a), and 1118); *and compare* Tex. Bus. & Com. Code § 16.26 ("A registrant may sue for damages and to enjoin an infringement [and] If the district court determines that there has been an infringement, it shall enjoin the act of infringement… .") *with id.* § 16.29 ("A person may bring an action to enjoin an act likely … to dilute the distinctive quality of a mark"). Therefore, because RE/MAX would be unable to obtain any additional relief under its dilution claims, adjudicating those dilution claims would be redundant if Defendants are found to have infringed RE/MAX's trademarks.  Although RE/MAX reserves all its rights under its dilution

claims, RE/MAX submits that the Court may dismiss those claims as moot if the present Motion is granted in its entirety.

For the same reasons, Defendants' Count II for a Declaration of Non-Dilution is also moot. If the present Motion is granted in its entirety, Defendants' adjudged commission of infringement and unfair competition will entitle RE/MAX to an injunction preventing Defendants' use of their infringing mark. Once Defendants cease use of their infringing mark, no justiciable controversy will exist with respect to the dilution of RE/MAX's trademarks arising from Defendants' activities. As such, the court would lack subject-matter jurisdiction over that declaratory judgment counterclaim.

Accordingly, a grant of RE/MAX's Motion in its entirety would completely dispose of this case.

## IV.   Conclusion

For the foregoing reasons, RE/MAX International, Inc. respectfully requests that its Motion for Partial Summary Judgment (Docket No. 44) be granted in its entirety.

Respectfully submitted,

Dated:  March 23, 2009

/Anthony F. Matheny/
Anthony F. Matheny
Texas State Bar No. 24002543
GREENBERG TRAURIG LLP
1000 Louisiana St., Suite 1800
Houston, Texas 77002
Phone:  (713) 374-3583
Fax: (713) 754-7583

ATTORNEYS FOR PLAINTIFF,
RE/MAX INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2009, a true and correct copy of the foregoing Plaintiff's Reply in Support of Its Motion for Partial Summary Judgment was electronically filed using the Court's ECF service which will serve it on all registered attorneys of record, including the following:

Mayur Patel
Hester & Patel, P.C.
14511 Falling Creek Drive, Suite 403
Houston TX 77014
mpatel@hesterpatel.com

Erik M. Pelton
ERIK M. PELTON & ASSOCIATES, PLLC
P.O. Box 100637
Arlington, VA  22210
emp@tm4smallbiz.com

/Anthony F. Matheny/
Anthony F. Matheny