IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RE/MAX International, Inc., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 4:07-CV-02426 |
| TREND SETTER REALTY, LLC, a Texas limited liability company; | ) |
| PAVNOUTY ABRAHAM, an individual; | ) |
| and | ) |
| DEBORAH N. MILLER, an individual | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' UNTIMELY MOTION FOR CONTINUANCE**

Plaintiff RE/MAX International, Inc. ("RE/MAX") submits the following Response in Opposition to Defendants' Motion for Continuance (Dkt. 50) filed on March 23, 2009.

**I.   Procedural Summary and Introduction**

RE/MAX filed its Motion for Partial Summary Judgment ("MSJ," Dkt. 44) on February 23, 2009. Pursuant to Local Rules 7.3 and 7.4, Defendants' Response to the MSJ was due by March 16, 2009. As of one week after that date, Defendants had not filed a Response to the MSJ, had not sought from RE/MAX or the Court an extension of time, or indicated any reasons for their failure to respond timely to the MSJ. Having heard nothing from Defendants by March

1

23, 2009, RE/MAX filed its Reply submitting that Defendants' failure to respond to the MSJ must be "taken as a representation of no opposition" pursuant to Local Rule 7.4. (Dkt. 49).

Defendants then filed their Motion for Continuance (Dkt. 50) asking the Court's leave to respond to RE/MAX's MSJ. Without waiting for the Court to consider their Motion for Continuance and without the Court's leave to do so, Defendants filed their Response to the MSJ on March 27, 2009. (Dkt. 55). Defendants also filed a Motion for Leave to Amend Their Answer, Affirmative Defenses & Counterclaims. (Dkt. 51). On the same day, again without waiting to obtain the Court's leave to do so, Defendants filed their First Amended Answer, Affirmative Defenses & Counterclaims. (Dkt. 52).

Both of these inexcusable and dilatory efforts by Defendants make a mockery of this Court's schedule and the Federal Rules of Civil Procedure, and should be denied.

**II.     Argument in Opposition to Defendants' Motion for Continuance**

Fed.R.Civ.P. 6(b)(2) provides that the Court has discretion to extend the time for Defendants' response to the MSJ if Defendants "failed to act because of excusable neglect." Relevant factors to the excusable neglect inquiry include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indemnity Co.*, 465 F.3d 156, 161-62 (5th Cir. 2006) (*internal citations and quotations omitted*).

The only basis stated in Motion for Continuance is that RE/MAX and Defendants were engaged in settlement discussions "[s]everal weeks before Defendants (*sic*) response was due…" (Dkt. 50, ¶ 3). What Defendants do not say, however, speaks volumes. Defendants do not claim that RE/MAX at any point indicated that the dispute is settled or that RE/MAX does not intend

to continue fully prosecuting this case. Defendants do not state that they believed in good faith that RE/MAX had agreed to extend Defendants' response deadline. *Cf. Mattress Giant Corp. v. Motor Advertising & Design Inc.*, 2008 U.S. Dist. LEXIS 26486, 2008 WL 898772 (N.D. Tex. 2008). If anything, Defendants' Motion for Continuance notes the alleged "lack of response from RE/MAX." (Dkt. 50, ¶ 3). If Defendants perceived a "lack of response," the prudent course of action would have been to prepare their response to the MSJ or to seek an extension. Defendants did neither. In fact, they did nothing until RE/MAX filed its Reply one week after Defendants' response was due.

Moreover, Defendants' failure to respond was not inadvertent or caused by a clerical mistake or carelessness, such as an error in docketing. *Cf. In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998). Rather, in a telephone conversation between Plaintiff's counsel and Mr. Patel on March on March 19, 2009, Mr. Patel indicated that Defendants were fully aware of the March 16 deadline to respond and that their failure to do so was not accidental. During that conversation, Mr. Patel did not indicate any intent to file a Response. It was only after this conversation that RE/MAX prepared and filed its first Reply (Dkt. 49). As Defendants' Motion for Continuance makes clear, RE/MAX's counsel did not make any representation to Mr. Patel during that telephone conference that Defendants should consider themselves relieved of their opportunity to oppose the MSJ. (*See* Dkt. 50, ¶¶ 4-5). Yet, even though Defendants acknowledge that RE/MAX indicated, during that telephone conference, that it "was not interested in any of the proposals made by Defendants," Defendants failed to respond to the MSJ for another four days. (Dkt. 50, ¶ 5). Defendants only woke up to their obligations *after* RE/MAX filed its Reply on March 23.

Thus, Defendants' failure to respond to the MSJ in a timely fashion is not a result of

excusable neglect, but rather a result solely of their conscious and unilateral decision to ignore the deadlines set by the Federal Rules of Civil Procedure and rules and orders of this Court. Defendants' disregard of the response deadline prejudices both this Court as well as RE/MAX. By deciding to simply not respond to the MSJ, Defendants left RE/MAX and this Court to guess as to Defendants' intentions, especially given the fact that this is not the first example of Defendants' manifest disregard for this Court and its procedural framework. For example, Defendants disregarded their obligation to file an Answer to RE/MAX's First Amended Complaint (Dkt. 19) for eighteen months, doing so only recently and in the context of their attempt to amend their own counterclaims at the eleventh hour, long after the Court's deadline to do so passed, and long after the motions for summary judgment were to be filed. Similarly, Defendants disregarded their obligations to respond to RE/MAX's discovery requests for over *four months*, without providing any explanation for their failure to comply with Federal Rules of Civil Procedure and without seeking the Court's leave. (*See* Dkt. 24, p. 2). Defendants thought it appropriate to seek the Court's leave to lodge untimely discovery responses only one day *after* they untimely served those responses. (*Id*.) This Court did not permit Defendants to play games with the schedule then, and should not do so now. (Dkt. 31).

      Defendants should be held accountable for the consequences of their cavalier approach to litigation and the Court's orders and resources. Defendants' failure to respond to RE/MAX's Motion for Partial Summary Judgment in a timely fashion should be deemed a "representation of no opposition" pursuant to Local Rule 7.4 and RE/MAX should be granted judgment as a matter of law based on the showing of absence of genuine issues of material fact as set forth in the MSJ. In the event, however, that the Court grants Defendants' Motion for Continuance, RE/MAX respectfully requests that it be permitted to submit its Reply in support of the MSJ in the form

attached hereto as Attachment 1.

### III.  Conclusion

For the foregoing reasons, RE/MAX International, Inc. respectfully requests that the Court deny Defendants' Motion for Continuance (Dkt. 50); that the Court ignore Defendants' Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. 54) and the associated Memorandum (Dkt. 55); and that the Court grant RE/MAX's Motion for Partial Summary Judgment (Dkt. 44) in its entirety.

Respectfully submitted,

Dated:  April 13, 2009.

/Anthony F. Matheny/
Anthony F. Matheny
Texas State Bar No. 24002543
GREENBERG TRAURIG LLP
1000 Louisiana St., Suite 1800
Houston, Texas 77002
Phone:  (713) 374-3583
Fax: (713) 754-7583

ATTORNEYS FOR PLAINTIFF,
RE/MAX INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 13, 2009, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' UNTIMELY MOTION FOR CONTINUANCE was electronically filed using the Court's ECF service which will serve it on all registered attorneys of record, including the following:

Mayur Patel
Hester & Patel, P.C.
14511 Falling Creek Drive, Suite 403
Houston TX 77014
mpatel@hesterpatel.com

              /Anthony F. Matheny/
              Anthony F. Matheny